**Ronnie LAWYER, Plaintiff,**

v.

**84 LUMBER COMPANY and 84 Associates, Inc., Defendants.**

**No. 96 C 0356.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 26, 1997.

---

James Thomas Harrison, Edward Daniel Hanson, II, Harrison Law Offices, P.C., Woodstock, IL, Robert William Funk, II, Woodstock, IL, David R. Skowron, Law Offices of Donald F. Peters, Jr., Chicago, IL, for Plaintiff.

Ralph Andrew Morris, Christine Anne Greener, Brittain, Sledz, Morris & Slovak, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

HART, District Judge.

This matter is before the court on defendant 84 Lumber Company's motion for a new trial, or, in the alternative, for a remittitur of the verdict. The jury rendered a verdict for plaintiff Ronnie Lawyer on Count I (Title VII Racial Harassment) and Count II (Title VII Race Discrimination), awarding $75,000 in compensatory damages and $250,000 in punitive damages.

Defendant contends that a new trial is warranted because the jury was allowed to hear testimony from plaintiff that quoted a statement by a representative of defendant that was made during settlement negotiations and because the jury was permitted to

view a racially derogatory document. Defendant also argues that the total award exceeds a statutory limit of $300,000 and that the amounts are otherwise excessive.

Plaintiff moves to strike defendant's motion on the ground that it is untimely. Plaintiff contends judgment was entered on May 6, 1997 and therefore the motion for new trial had to be filed by May 16, making it untimely when filed on May 20. This argument lacks merit. The judgment was dated May 6, but was not entered on the docket until May 9, which is the proper measuring date. *See* Fed.R.Civ.P. 59(b), 59(e). In any event, in measuring the 10–day period provided in Rules 59(b) and 59(e), Saturdays and Sundays are not counted. Fed.R.Civ.P. 6(a). Therefore, defendant had until May 23 to file its motion and would have had until May 20 even if judgment had been entered on May 6. The motion to strike will be denied.

■ A new trial cannot be granted unless the verdict is against the weight of the evidence, the damages are excessive, or the trial was unfair to the moving party. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 516 (7th Cir.1993); *DeBiasio v. Illinois Central R.R.,* 52 F.3d 678, 687 (7th Cir.1995), *cert. denied,* 516 U.S. 1157, 116 S.Ct. 1040, 134 L.Ed.2d 188 (1996).

■ Relating his complaints to management about harassment and discrimination, plaintiff testified that, in a conversation with defendant's general counsel, he was told by counsel for the company that "if we have to pay you money for this, we want you out of the company." Defendant contends that this statement was made in connection with settlement conversations and that its admission violates Fed.R.Evid. 408. The parties disagree as to what the statement establishes. However, no objection was made to the testimony either before or at the trial. Moreover, defendant cross-examined the plaintiff about the statement and referred to it during final argument.

Where no contemporaneous objection is raised and the complaining party then further uses the evidence, any contention as to inadmissibility is waived. *See* Fed.R.Evid. 103(a)(1); *United States v. Silvers,* 374 F.2d 828, 831 (7th Cir.), *cert. denied,* 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189 (1967); *United States v. Fuentes,* 432 F.2d 405, 409 (5th Cir.1970), *cert. denied,* 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 822 (1971). Even if defendant could still assert plain error, *see* Fed. R.Evid. 103(d), this is not an instance where plain error would apply. It was not even evident from the testimony that plaintiff was referring to settlement discussions and defendant does not point to sufficient prejudice to constitute a denial of a substantial right. *Cf. HCI Chemicals (USA), Inc. v. Henkel KGaA,* 966 F.2d 1018, 1021 (5th Cir.1991); *Calcasieu Marine National Bank v. Grant,* 943 F.2d 1453, 1460 (5th Cir.1991); *Brocklesby v. United States,* 767 F.2d 1288, 1293 n. 5 (9th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986). Plaintiff's testimony as to this matter is not a basis for granting a new trial.

■ Defendant complains that the admission into evidence of a racially derogatory and highly insulting fax directed at African–Americans which was received at plaintiff's place of employment, circulated among three employees, including a supervisor, and then given to plaintiff, the only African–American present, was prejudicial error. Defendant claimed not to know who sent the fax to 84 Lumber, and, on this record, it must be assumed that defendant had no responsibility for the creation or transmission of the document. However, the manner in which the document was read and circulated among the employees and given to defendant established a basis for its consideration by the jury. It was one part of the evidence presented to the jury which quite clearly established a racially hostile environment and defendant's pervading insensitivity to racially insulting conduct. There was no error in the admission of this document.

■ The jury awarded plaintiff $75,000 in compensatory damages and $250,000 in punitive damages. Defendant challenges both the compensatory and punitive awards as excessive and also argues that the total awarded exceeds a $300,000 statutory cap imposed on discrimination awards. 42 U.S.C. § 1981a(b)(3)(D).

The cap applies to "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages." Plaintiff argues that the cap is not exceeded because at least $25,000 of the compensatory award must be attributed to his past pecuniary losses in the form of personal loss of sales as a result of defendant's failure to support his sales with high quality product and service. The jury found in plaintiff's favor on the claim that the defendant failed to support plaintiff's sales efforts as a result of racial discrimination.

The only compensatory damages which the jury was instructed to consider was emotional pain and suffering. Jury Instructions 29. Plaintiff does not object that this instruction was in error and the jury is presumed to have followed the instructions. *United States v. Richardson*, 130 F.3d 765, 1997 WL 706769 *8 (7th Cir.1997). Even if the jury had been instructed otherwise, the evidence does not support any past pecuniary losses. Plaintiff was paid a salary plus a share of the bonus awarded to the entire store when the total sales for the store achieved a monthly target. He was not paid a commission on any sales during the years 1995–96 when he claims discrimination occurred. In only two months during this period did he fail to receive a monthly bonus, and, in those months, no one in the store received a bonus because store sales targets were not achieved. There is no basis or proof in the evidence that any part of the $75,000 award represents past pecuniary loss.

Inasmuch as the evidence does not support a conclusion that plaintiff suffered any loss in compensation, the jury's compensatory award can only be supported by evidence of emotional injury. The question then becomes: is a $75,000 award excessive on the facts of this case? The Seventh Circuit has cautioned that emotional distress damages must be proportionate to injury. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1229 (7th Cir.1995) ($21,000 in emotional distress damages excessive); *Cygnar v. City of Chicago*, 865 F.2d 827, 848 (7th Cir. 1989) (emotional distress award of $55,000 found to be excessive for a case involving no

loss of position within employer); *Ramsey v. American Air Filter Co.*, 772 F.2d 1303, 1313 (7th Cir.1985) (emotional distress award remitted from $75,000 to $35,000 because there was no evidence that plaintiff was treated for emotional distress or that he became depressed for any sustained period of time); *Nekolny v. Painter*, 653 F.2d 1164, 1172 (7th Cir.1981) (statement by a party that he was "depressed," "a little despondent" or "completely humiliated" insufficient to constitute proof of compensable mental or emotional injury); *Erebia v. Chrysler Plastic Products Corp.*, 772 F.2d 1250, 1259 (6th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986) (plaintiff entitled only to nominal damages where the only proof of emotional harm consisted of his own statements that he was "highly upset" about racial slurs). Plaintiff worked for defendant from February 1992 until November 1996 when he voluntarily left 84 Lumber to accept employment in the same type of work with Hines Lumber. The events which gave rise to the complaint in this case occurred during early 1995. During the summer of 1995, plaintiff filed an EEOC complaint and thereafter the racial slurs stopped. Plaintiff's 1996 sales exceeded his 1995 sales. Although the jury was entitled to find racial hostility and some emotional injury on defendant's evidence, this was not the type of egregious case that will support an award of $75,000. Based on the evidence and the level of awards allowed for emotional distress in discrimination cases, the most that can be supported is an award of $50,000 compensatory damages. A remittitur of $25,000 of compensatory damages will be ordered.

 A $250,000 punitive damages award would be five times the allowable compensatory award. Punitive damages must bear a reasonable relationship to compensatory damages. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1355–56 (7th Cir.1995) (punitive damages award of $100,-000 excessive); *Ramsey*, 772 F.2d at 1313 ($250,000 punitive damage award excessive). In *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 1598–99, 134 L.Ed.2d 809 (1996), the Court identified the guideposts to consider in evaluating a punitive damage award: (1) the degree of repre-

hensibility of the conduct; (2) the disparity between the compensatory award and the punitive award; and (3) the level of penalties imposed in similar cases. As to the last guidepost, the Seventh Circuit has held that the statutory cap should be taken into consideration as the amount to be awarded in the most reprehensible case. *See Hennessy*, 69 F.3d at 1355. As to the second guidepost, there are no strict mathematical formulas or ratios to follow and the particulars of each case must be considered. *BMW*, 116 S.Ct. at 1602. Still, Seventh Circuit cases suggest that punitive damages of three times the level of compensatory damages will be appropriate (or, at least permissible) in many cases. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 317 (7th Cir.1996); *United States EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1287 (7th Cir.1995); *DeRance, Inc. v. PaineWebber, Inc.*, 872 F.2d 1312, 1328–30 (7th Cir.1989). *Cf. Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 23–24, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) (discussed in *BMW*, 116 S.Ct. at 1602) (punitive damages in *Haslip* of more than four times compensatory damages was close to the line of constitutional limits).

This case certainly is not the most reprehensible case that would justify punitive damages near the $300,000 statutory maximum. Nor does it approach the level of egregiousness necessary to justify punitive damages of more than three times allowable compensatory damages. An award of $150,-000 in punitive damages is at the high end of the range of reasonableness.

Accordingly, a remittitur of $125,000 will be required so that the total amount of damages awarded will be $200,000 ($50,000 compensatory and $150,000 punitive), instead of $325,000.

Plaintiff's petition for an award of attorney fees and costs will await action on the remittitur to be ordered.

IT IS THEREFORE ORDERED that plaintiff's motion to strike [50–1] is denied. Defendant's motion for a new trial [49–1] or remittitur [49–2] is granted in part and denied in part. Unless within 10 days of the date of this order, plaintiff files a remittitur of $125,000 of the judgment heretofore entered, the judgment will be vacated and a new trial will be granted solely as to the amount of damages to be awarded.